UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | Case No: B-1082277 C-13D |
| **HEATHER E. McVICKER,** | ) | |
| | ) | |
| Debtor(s) | ) | |
| _____ | ) | |

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on December 17, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On December 17, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtor proposes a monthly payment of $791.00 for a period of at least 36 months. The Debtor proposes no dividend to unsecured creditors. There is $36,745.85 of unsecured debt listed in Schedule "F".

5. The Debtor has filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtor lists current monthly income ("CMI") in Form B22C of approximately $2,611.09.

6. The Trustee objects to confirmation of the Debtor's plan in that the applicable commitment period of the plan under 11 U.S.C. §1325(b)(4) should be 60 months rather than 36 months. On line #9 of Form B22C, the Debtor removes $982.74 of CMI as a result of a decrease in the Debtor's post-petition monthly income. The Debtor cites Hamilton v. Lanning, Slip Opinion No. 08-998, U.S. Supreme Court (2009), in support of the reduction in CMI; however, the Supreme Court in Lanning did not address the calculation of the applicable commitment period using CMI. CMI is defined in 11 U.S.C. §101(10A) as the average monthly

1

income the Debtor receives during the six month period prior to the petition date. The applicable commitment period is calculated using CMI multiplied by twelve months and comparing that figure to the household median income. 11 U.S.C. §1325(b)(4). The Debtor does not get to adjust the CMI to determine applicable commitment period under <u>Lanning</u>. Accordingly, the Debtor's CMI should be $3,593.83, which, when multiplied over 12 months, would yield annualized CMI of $43,125.96 and require an applicable commitment period of 60 months.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. For such other and further relief as the Court may deem just or proper.

This the 8th day of February, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702
Telephone: (919) 688-8065

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Heath E. McVicker, 302 N. Estes Dr., Chapel Hill, NC 27514, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 8th day of February, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell, Esq.
Attorney for the Standing Trustee